# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK H. BANKS,<br>    Petitioner,<br><br>vs.<br><br>DAVE BALLAND, et al.,<br>    Respondents. | ) <br> ) <br> ) Civil Action No. 13-58 <br> ) <br> ) Chief District Judge Gary L. Lancaster/ <br> ) Magistrate Judge Maureen P. Kelly <br> ) <br> ) |

## REPORT AND RECOMMENDATION

**RECOMMENDATION**

It is respectfully recommended that Plaintiff's Motion to Proceed *In Forma Pauperis* be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed for Plaintiffs' failure to pay the filing fee, with the right of Plaintiff to reopen by paying the full filing fee in the amount of $350.00 within thirty (30) days.

**REPORT**

On January 11, 2013, Plaintiff, Frederick Banks, a federal convict, attempted to commence the present action by filing a Motion to Proceed *In Forma Pauperis* ("IFP"), ECF No. 1, accompanied by a so-called "Petition for a Writ of Mandamus" (the "Petition"). ECF No. 1-1. In the Petition, he complains about personnel at Renewal, Inc., a halfway house, requiring him to submit a urine sample. Because the present case is not a bona fide mandamus action; the Court will treat it as what it really is, a civil rights action, because it seeks merely to vindicate Plaintiff's purported rights under federal law and, therefore, the Court will construe it as a civil rights action, filed under <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971). Because Petitioner has acquired "three strikes", he cannot proceed IFP in order to prosecute this civil rights action.

It is a litigant's burden to prove entitlement to IFP status. See <u>White v. Gregory</u>, 87 F.3d

429, 430 (10th Cir. 1996); New Assessment Program v. PNC Corp., NO. CIV.A. 95-6059, 1995 WL 592588, at *1 (E.D. Pa. Oct. 3, 1995); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001)("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

The Court takes judicial notice of the fact that Plaintiff has "three strikes" within the contemplation of 28 U.S.C. § 1915(g)[1] which provides in relevant part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Petitioner is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).[2] Accordingly, he may not proceed IFP to prosecute a "civil action" or an appeal. See Banks v. Commonwealth of Pennsylvania, Third Circuit No. 10-1597 (Order of April 8, 2010, and ultimately denying Petitioner leave to appeal in forma pauperis because he has three strikes and citing the following three cases: Banks v. Hayward, W.D.Pa. Civ. No. 06-cv-00509; Banks v. Hayward, W.D.Pa. Civ. No. 06-cv-01572; In Re: Banks, C.A. No. 06-1828).

Petitioner has three strikes and knows he has three strikes and so he cannot pursue a "civil

---

[1] Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001)(noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule").

[2] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Here, Petitioner is "detained in a facility who is . . . convicted of, [and] sentenced for . . . violations of criminal law . . . ." Smith v. Lappin, No. No. 10–3073–SAC, 2012 WL 4214494 at *1 (D.Kan. Sept. 18, 2012) ("Because plaintiff was confined to a halfway house at the time he filed this action, the Prison Litigation Reform Act (PLRA) applies.").

action" (which includes a civil rights action) IFP and so, he is attempting to cast the present action as a Petition for Mandamus. Presumably, he does so because the United States Court of Appeals for the Third Circuit has held that the Prison Litigation Reform Act's ("PLRA") bar against proceeding IFP for those individuals who have three strikes does not apply to true or "bona fide" mandamus actions because true mandamus petitions do not constitute a "civil action" within the meaning of Section 1915(g). See Madden v. Myers, 102 F.3d 74 (3d Cir. 1996)(holding that bona fide mandamus petitions are not subject to the PLRA), *superseded by rule on other grounds as noted in*, In re Ordaz, __ F. App'x __, 2013 WL 142701 (3d Cir. Jan 14, 2013). However, the Court in Madden also declared that a "litigant should not be able to evade the PLRA by masking as a mandamus petition a paper otherwise subject to the Act." Id. at 78. Thus, the critical question here is whether the current filing is a bona fide mandamus action or not. We find that it is not and so the current filing is, in fact, a "civil action" subject to the PLRA, which Petitioner cannot prosecute IFP because he has three strikes.

We note that the remedy Petitioner seeks herein seems to be more in the nature of a writ of prohibition, *i.e.,* ordering the Respondents to refrain from taking his urine samples without his consent. ECF No. 1-1 at 1 ("Plaintiff moves this court . . . to enjoin defendants from this conduct."). 63C Am. Jur. 2d Prohibition § 6 (2012) ("Prohibition and mandamus are similar remedies in some respects. . . . Also, in a general sense, prohibition and mandamus are counterparts of each other in their object and purpose, but only to the extent that one is prohibitory and the other mandatory; prohibition is not an affirmative remedy like mandamus, but is purely negative, for it commands not that something be done, but that something be left undone.") (footnotes omitted). We assume though that what the United States Court of Appeals for the

Third Circuit stated in Madden v. Myers regarding the non-applicability of the PLRA three strikes rule to bona fide mandamus petitions, applies equally to bona fide petitions for writs of prohibition. Cf. In Re Shawley, 238 F. App'x 765, 766 n.2 (3d Cir. 2007) ("The remedy that Shawley seeks is properly characterized as a writ of prohibition rather than a writ of mandamus, but '[t]he requirements for obtaining both writs are the same.'") (quoting, United States v. Santtini, 963 F.2d 585, 594 (3d Cir. 1992)).

However, "[t]o ensure that writs of mandamus or prohibition issue in only the most limited circumstances, the Supreme Court has required that 'a party seeking issuance have no other adequate means to attain the relief he desires.' *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980). In addition, the petitioner bears the 'burden of showing that [the] right to issuance of the writ is 'clear and indisputable.' '" United States v. Santini, 963 F.2d 585, 594 (3d Cir. 1992) (quoting Will v. Calvert Fire Ins. Co., 437 U.S. 655, 662 (1978)). "A writ of prohibition, like a writ of mandamus, is an extraordinary remedy that we may grant only when the petitioner indisputably is entitled to relief and has no other adequate means to obtain it." In re Murillo, 397 F. App'x 761, 761-62 (3d Cir. 2010). Here, there is an adequate means to obtain the remedy Petitioner seeks, namely a civil rights action which alleges a violation of federal law and which seeks as a remedy an injunction against the defendants.

Moreover the mere fact that Petitioner may not proceed IFP in order to file and prosecute a civil rights action in this Court because he has three strikes does not render a civil rights action an inadequate means to obtain relief, for it is not Petitioner's personal inability to utilize the remedy but rather the inadequacy of the remedy must inhere in the remedy itself. Cf. Ciocca v. United States, 156 F. App'x 488, 491 (3d Cir. 2005) ("this personal inability to use § 2255 in this case

4

does not make the remedy ineffective or inadequate"); Polanco v. Scism, Civ.A. No. 4:CV–10–1906, 2010 WL 4817093, at *4 (M.D.Pa., Oct. 21, 2010) ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative.").

In addition, Petitioner cannot show that the right to issuance of the writ is clear and indisputable. See, e.g., Smith v. Davis, 48 F. App'x 586, 587 (7th Cir. 2002) ("Smith first contends that Indiana violated his Fourth Amendment rights by punishing him for refusing to take a urine test without justification. But 'prisoners lack any reasonable expectation of privacy under the Fourth Amendment.' *Johnson v. Phelan*, 69 F.3d 144, 147 (7th Cir.1995); *see Hudson v. Palmer*, 468 U.S. 517, 526-30, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Moreover, though Smith complains that prison officials did not provide any justification for subjecting him to the drug test, they were not required to do so."). Cf. Lucero v. Gunter, 17 F.3d 1347, 1350 (10th Cir. 1994) ("[T]he random urine collection and testing of prisoners is a reasonable means of combating the unauthorized use of narcotics and does not violate the Fourth Amendment.").

As for his claim that the taking of urine sample violates the Laramie Treaty of 1868 (the "Treaty"), we understand Petitioner to be invoking the so-called "bad men" provision of the Treaty which provides in relevant part that:

> If bad men among the whites, or among other people subject to the authority of the United States, shall commit any wrong upon the person or property of the Indians, the United States will, upon proof made to the agent and forwarded to the Commissioner of Indian Affairs at Washington City, proceed at once to cause the offender to be arrested and punished according to the laws of the United States, and also re-imburse the injured person for the loss sustained.

15 Stat. 635. Petitioner's invocation of the Treaty presents many problems for him. Suffice it to say that Petitioner has not alleged yet alone shown that the pre-conditions of

the treaty have been met, namely, that he made proof upon the agent which was then forwarded to the Commissioner of Indian Affairs. In addition, he has not shown a clear and indisputable right to the writ given that he has not clearly and indisputably established a "wrong" within the meaning of the Treaty based upon the Respondents merely taking a urine sample from him, a federal convict in a half-way house, as noted above. Moreover, Petitioner has not alleged that he is a beneficiary under the Treaty, as the treaty was between some Sioux tribes and the Federal Government. 15 Stat. 635. Petitioner does not allege that he is a member of those specific Sioux tribes. But see Banks v. Commonwealth of Pennsylvania, No. 09-CV-1437 (W.D. Pa. ECF No. 1 at 1, ¶ 7, wherein Petitioner alleged in the Complaint therein that he was "an American Indian, Lakota, Delaware and Seneca Indians"). Cf. Garreaux v. U.S., 77 Fed.Cl. 726, 734 (Fed.Cl. 2007) ("Plaintiff contends that she has set forth sufficient facts to establish jurisdiction . . . . First, Plaintiff asserts that she is an enrolled Indian with the Cheyenne River Sioux Tribe residing on the Cheyenne River Reservation and, thus, she is a beneficiary under the 1868 Fort Laramie Treaty with the Great Sioux Nation.").

To the extent that Petitioner invokes 18 U.S.C. §4042, it provides no clear and indisputable right to not have his urine collected without his consent. Hence, it cannot provide a basis for the issuance of mandamus or prohibition.

Accordingly, we find that the present filing is not a true or "bona fide" petition for writ of prohibition or mandamus within the contemplation of Madden v. Myers but is really a "civil action" within the meaning of Section 1915(g) which Petitioner is prohibited from prosecuting IFP. What the court stated in Biggins v. Phelps, 2010 WL 3002070, at *1 (D.Del., July 28, 2010)

applies equally here: "Biggins alleges denial of access to the courts, denial of the right to exercise religion, and unconstitutional and retaliatory cell searches. He seeks injunctive relief and punitive damages. His pleading is clearly a complaint, no matter what the title. 'Rather than being defined by its caption, a 'complaint' is '[t]he initial pleading that starts a civil action and states the basis for the court's jurisdiction, the basis for the plaintiff's claim, and the demand for relief.'" We note that this is not Petitioner's first attempt to circumvent the PLRA's prohibition on him proceeding IFP by attempting to file a civil action as a disguised mandamus petition and those attempts have met similar results as here. See, e.g., Banks v. Warden, FPC Cannan, No. 1:11–CV–0668, 2011 WL 1542132, at *1 n.2 (M.D.Pa., April 21, 2011) ("Although styled as a 'complaint for a writ of mandamus' it is clear that plaintiff is initiating a civil action."); Banks v. Sager, No. 1:11-CV-0741, 2011 WL 1542136, *1+ (M.D.Pa. April 21, 2011) (same); Banks v. Lappin, Civ. A. No. 08-0152, 2008 WL 2874193 (D.D.C., July 25, 2008) (where court vacated the grant of IFP to Petitioner in a proceeding Petitioner captioned as a mandamus and where the court rejected that characterization and stated: "[I]t would defeat the purpose of the PLRA if a prisoner could evade its requirements simply by dressing up an ordinary civil action as a petition for mandamus or prohibition or by joining it with a petition for habeas corpus.") (quoting In re Smith, 114 F.3d 1247, 1250 (D.C.Cir. 1997)). Nor does Petitioner make any allegations that would permit even one who has three strikes to proceed IFP.

**CONCLUSION**

Based on the discussion above, it is respectfully recommended that Plaintiff's Motion to Proceed *In forma pauperis* (ECF No. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed for Plaintiff's failure to pay the filing fee, with the right of Plaintiff to

reopen by paying the full $350.00 filing fee within thirty (30) days.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

January 18, 2013

s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Frederick Banks
PO Box 295
Pittsburgh, PA 15230